UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-00280-MOC
(1:15-cr-00071-MOC-DLH-5)

| | |
|---|---|
| MARIA DEL RUIZ-ZAZUETA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence which is filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed.

I. BACKGROUND

On December 30, 2015, Petitioner pleaded guilty pursuant to a written plea agreement to count one in a bill of indictment that charged her with conspiracy to possess with intent to distribute a quantity of methamphetamine. In her plea agreement, Petitioner acknowledged pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure that the amount of methamphetamine that was known to or reasonably foreseeable to her in the conspiracy was 28.3 grams, and that the amount of "actual" methamphetamine that was known to or reasonably foreseeable to her was 51.2 grams. (1:15-cr-00071, Doc. No. 142: Plea Agreement ¶ 7).

In Petitioner's presentence report (PSR), the probation officer adopted the parties' stipulation regarding drug quantity which resulted in a base offense level of 30 under § 2D1.1 of the U.S. Sentencing Guidelines Manual (USSG). (Id., Doc. No. 213: PSR ¶ 9). After applying a

1

three-level reduction for acceptance of responsibility, Petitioner's total offense level was 25, and when coupled with a criminal history category of I, Petitioner's Guidelines range was 57-71 months' imprisonment, although Petitioner's conviction was subject to a statutory minimum term of 10-years of imprisonment under the provisions of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (Id. ¶ 39).

During sentencing, the Court found the PSR credible and reliable and adopted the findings and conclusions contained therein without change. The Court further found that Petitioner qualified for a safety valve variance below the statutory minimum pursuant to 18 U.S.C. § 3553(f). (Id., Doc. No. 252: Judgment; Doc. No. 253: Statement of Reasons). Petitioner was sentenced to a term of 57-months in prison and she did not appeal.

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

In this collateral proceeding, Petitioner contends she is entitled to sentencing relief based on Amendment 794 to USSG § 3B1.2. (1:16-cv-00280, Doc. No. 1: Motion to Vacate). Amendment 794 amended the commentary to § 3B1.2 to address what the Commission considered was an inconsistent application of the mitigating role reduction for low-level

offenders. In particular, the amendment added a non-exhaustive list for the court to consider when determining whether to apply the guideline and to what extent. See USSG § 3B1.2 cmt. n.3(C) (2015). The Commission made the amendment effective for defendants sentenced on or after November 1, 2015. Petitioner was sentenced on May 17, 2016, thus she could have been eligible to benefit from the amended commentary if the facts of her case supported such a reduction. Petitioner's claim for sentencing relief will be denied for two reasons.

First, the Antiterrorism and Effective Death Penalty Act provides, in relevant part that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Petitioner's claim for sentencing relief was filed as a motion pursuant to §2255; however a claim for such relief is not cognizable in a § 2255 proceeding. In other words, such an error (1) would clearly not be unconstitutional; (2) would not affect the court's jurisdiction to impose Petitioner's sentence; and (3) would not result in a sentence in excess of the maximum allowed by law, which in Petitioner's case was life imprisonment on the drug conspiracy conviction. See, e.g., Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (noting ordinary errors in the guidelines are not cognizable in § 2255 proceedings), cert. denied, 135 S. Ct. 2890 (2015); United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir. 1999); United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999) (requiring "extraordinary circumstances" to present collateral attack under § 2255).

Second, Petitioner's argument, even if cognizable in this collateral proceeding, is

3

plainly without merit, when considering the evidence presented in the PSR regarding her extensive involvement in the possession and distribution of methamphetamine in the conspiracy.

IV. CONCLUSION

For the reasons stated herein, the Court finds that Petitioner's claim for relief is not cognizable in a § 2255 proceeding, that the claim is without merit in any event, and that therefore the Motion to Vacate will be dismissed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate is **DENIED** and **DISMISSED WITH PREJUDICE**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Motion Seeking Status of Case is **DISMISSED AS MOOT**. (Doc. No. 2).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

Signed: February 22, 2017

Max O. Cogburn Jr
United States District Judge